Michael C. Saqui (SBN 147853)
Erica L. Rosasco (SBN 220836)
The Saqui Law Group - Counselors to Management
4120 Douglas Boulevard, Suite 306-402
Granite Bay, California 95746
Telephone:   (916) 782-8555
Facsimile:   (916) 782-8565
Email:       mcs@laborcounselors.com / erica@laborcounselors.com

Attorneys for Defendant Jose Gilberto Silveira

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MARTINEZ, and FELIPE NUNEZ TORRES,<br><br>         Plaintiffs,<br><br>    vs.<br><br>JOSE GILBERTO SILVEIRA, an individual; and DOES ONE through TWENTY inclusive<br><br>         Defendant. | Case No. 1:10-CV-00234-OWW-GSA<br><br>**STIPULTATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER**<br><br>**Trial Date:  Not Set**<br><br>Complaint Filed:    12/08/09 (Merced Co.)<br>Removed to USDC:    02/10/10 |

This matter is before the Court on the parties' Stipulation for a Protective Order. Being fully advised, the Court finds that **informal** discovery requests have been made asking for a party to produce documents and information the party believes to be confidential. Additional requests for such confidential information are likely to be made. It will facilitate discovery without prejudice to any party to enter the following Protective Order:

///

///

///

1

*Martinez/Torres v Silveira, et al.*
Case No.: 1:10-CV-00234-OWW-GSA           STIPULTATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER

1   The following restrictions shall be observed as to the Confidential Documents and
2   Information produced by a party pursuant to this ORDER:

### I.     DEFINITIONS

4   Information designated as "Confidential" or "Confidential Information" or "Confidential
5   Material" shall be considered fully protected by this ORDER, specifically financial documents as
6   produced from Defendant to Plaintiffs with respect to settlement negotiations

7   "Communication" (or variants of this verb) means to disclose, show, give, imply, list,
8   describe, provide, make available, furnish or allow exposure of information in any fashion to any
9   person, including without limitation any mailing, faxing, hand delivery, photograph or any other
10  duplication method.

11  "Copy" or "Copies" means reproductions made through any process, including but not
12  limited to photocopying or photographic, any form of reproduction, manual recopying, microfilm,
13  dictation, or mechanical, visual, or electronic duplication which in any way attempts to reproduce
14  the substance, form, or intent of information.

15  "Document" or "Documents" includes all written, recorded or graphic material, whether
16  produced or created by a party or another person and whether produced pursuant to Code of Civil
17  Procedures section 2031.210, pursuant to subpoena, by agreement of otherwise and includes both
18  those items of a tangible nature and any computer files.  "Document" or "Documents" includes,
19  but is not limited to, "writing" as defined by Evidence Code Section 250.

20  "Party" means any person or entity named in this litigation and any of their affiliated
21  persons or entities.

22  "Producing Party" means the party who produced Confidential Documents or Information.

23  For purposes of this ORDER, "conclusion of this litigation" means the execution of a
24  settlement agreement or release disposing of all claims, entry of final judgment or the exhaustion
25  of appeals or the expiration of time for appeals.

26  ///
27  ///
28  ///

2

*Martinez/Torres v Silveira, et al.*
Case No.: 1:10-CV-00234-OWW-GSA          STIPULTATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER

**II.     RESTRICTIONS**

1.     Confidential information shall be used solely for the purpose of considering settlement and not for any business or other purpose whatsoever.  Confidential information may be disclosed to the following persons only:

a.     The attorneys of record for the parties and their associated attorneys, including the employees of any such attorneys to whom it is necessary that the material be shown for purposes of the litigation.  The Confidential Information may be disclosed by Plaintiffs' counsel to accountants of a similar trade who we will consult with regarding the financial documentation of the Defendant.

**Confidential documents <u>MAY NOT</u> be shown or communicated in any way to the parties or witnesses in this action.**

2.     Each and every Confidential document produced (including copies, excerpts, digests, summaries or indices thereof) by a party shall be clearly marked and identified with the legend:

**CONFIDENTIAL – ATTORNEYS EYES ONLY - THIS DOCUMENT IS PRODUCED UNDER COURT ORDER FOR USE IN *MARTINEZ, ET AL. v. SILVEIRA*, CASE NO. 1:10-CV-00234-OWW-GSA, AND SHALL NOT BE USED FOR ANY OTHER PURPOSE WHATSOEVER.**

In the event any party creates a computer database, disk, compact disk, drive, or other electronic record containing Confidential Documents or Information, the party creating such an electronic record shall mark the case or envelope containing the material with the language contained in Paragraph 2.  Documents printed from such electronic media shall be marked the same as documents originally produced on paper.

3.     Any party to this litigation may challenge a "Confidential" designation by filing a motion under seal within thirty (30) days of the receipt of the Confidential Document or Information, to be heard *in camera.*  Pending a ruling of the Court, the challenged Document or Information shall continue to be treated as Confidential under this ORDER.

3

*Martinez/Torres v Silveira, et al.*
Case No.: 1:10-CV-00234-OWW-GSA            STIPULTATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER

1    4.   All writings submitted to or filed with the Court in connection with any pre-trial
2 proceedings which contain, set forth, summarize or otherwise disclose Confidential Documents or
3 Information shall be filed with a motion that they be filed under seal and an order that such
4 documents shall not be publicly available, except by further order of this Court.

5    5.   At the trial of this case, the parties agree that the protection of the confidentiality
6 of Confidential Documents or Information shall continue to the maximum extent permitted by the
7 Court, pursuant to such procedures as the Court may require.

8    6.   If any party or person that has obtained Confidential Documents or Information
9 under the terms of this ORDER receives a subpoena or other legal process commanding the
10 production of any such Confidential Documents or Information ("the subpoena"), such party or
11 person shall promptly notify the party or person that designated the Documents or Information as
12 Confidential of the service of the subpoena.  The party or person receiving the subpoena shall not
13 produce any Confidential Document or Information in response to the subpoena without either the
14 prior written consent of the Producing Party, or an order of a court of competent jurisdiction.
15 However, the Producing Party in such case shall have the burden of seeking a court order
16 relieving the subpoenaed party or person of the obligations of the subpoena prior to the return
17 date of such subpoena, or the subpoenaed person or party shall be relieved of its obligations under
18 this paragraph.

19    7.   The inadvertent production in the course of discovery in this action of any
20 document  or information (whether designated as Confidential or not) shall not be deemed to
21 waive whatever attorney-client privilege, work product protection or other privilege or immunity
22 that would otherwise attach to the document or information produced or to other documents or
23 information, as long as the Producing Party or person, promptly after discovery of the inadvertent
24 production, notifies the other party or parties of the claim of privilege or other protection or
25 immunity.  Upon such notice, the other party or parties shall promptly destroy all copies of the
26 documents or information referred to and notify the Producing Party or person that it has done so.
27 Such destruction and notice shall not constitute an acknowledgment that the claimed document or
28 information is in fact privileged or entitled to protections or immunity.

4

*Martinez/Torres v Silveira, et al.*
Case No.: 1:10-CV-00234-OWW-GSA          STIPULTATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER

1     8.     Unless the Court orders otherwise, within sixty (60) days after the conclusion of
2 this litigation, every counsel who has received the Confidential Documents or Information of
3 another party shall:

4     a.     Return the original and all copies of the Confidential Documents provided
5 by the Producing Party which are in the possession, custody or control of such counsel; and

6     b.     Either deliver to counsel for the Producing Party all documentary materials
7 reflecting information contained in or derived from Confidential Documents provided by the
8 Producing Party which are in the possession, custody or control of such counsel; OR

9     c.     Destroy such documentary materials, and notify counsel for the Producing
10 Party in writing that such action has been taken; and

11     d.     Provide the counsel for the Producing Party all original executed affidavits;
12 and

13     e.     Inform counsel for the Producing Party in writing of the identity of any
14 Confidential Documents or Information contained in or derived from such documents, known to
15 such counsel, which have *not* been returned and/or destroyed in the manner required by this
16 ORDER, and the identity of any person who has failed to return each such Confidential
17 Document and/or item of Confidential Information.

18     9.     Nothing in this ORDER shall limit or otherwise affect:

19     a.     The rights of any party to object to any further production or use at trial of
20 Confidential Documents or the Information contained therein; or

21     b.     The rights of any party to seek a more restrictive treatment of highly
22 confidential information.

23     10.    At the conclusion of this litigation, the Court shall retain jurisdiction in the case for
24 enforcement of this ORDER. At the conclusion of this litigation, counsel for Producing Party
25 shall not be entitled to inspect and copy those documents previously filed under seal with the
26 court pursuant to this ORDER unless the Court determines the Producing Party has shown "Good
27 Cause" to inspect and copy said materials. An example of "Good Cause" may include Producing
28 Party's documentation of a violation of this ORDER by submitting an affidavit to the Court

5

*Martinez/Torres v Silveira, et al.*
Case No.: 1:10-CV-00234-OWW-GSA          STIPULTATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER

showing that not all of the documents covered by this ORDER were returned or destroyed as provided by this ORDER. "Good Cause" may also include a Producing Party's documentation of a violation of this ORDER by submitting an affidavit to the Court showing that the documents governed by this ORDER were being utilized in a manner not permitted by this ORDER. At least ten (10) days prior to any hearing on the issue of whether a Producing Party has shown "Good Cause" with the Court so as to permit the Producing Party to inspect and copy those materials previously filed under seal with the Court.

11. By their signature upon the stipulation for the entry of this ORDER and their signatures below, counsel for the parties signify their understanding of this ORDER and their agreement to abide by its terms unless and until it is modified or superseded by further order of this Court. The attorneys of record are responsible for employing reasonable measures, consistent with this ORDER, to control duplication of, access to and distribution of copies of Confidential information and to collect or destroy all documents at the conclusion of this litigation.

Dated: April 6, 2011         THE SAQUI LAW GROUP
                             Counselors to Management

                             By: _____
                                 Michael C. Saqui / Erica L. Rosasco
                                 Attorneys for Defendant
                                 JOSE GILBERTO SILVEIRA


Dated: April 6, 2011         CALIFORNIA RURAL LEGAL ASSISTANTCE, INC.


By:   /s/ Esmeralda Zendejas (as authorized on 04/06/11)
                             Esmeralda Zendejas / Blanca A. Banuelos
                             Attorneys for Plaintiff FELIPE NUNEZ TORRES
                             145 E Weber Avenue
                             Stockton, CA 95202
                             Ph.: (209) 946-0609 / Fax: (209)946-5730
                             State Bar Nos. 258809 / 231585

6

*Martinez/Torres v Silveira, et al.*
Case No.: 1:10-CV-00234-OWW-GSA         STIPULTATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER

1 | Dated: _____  CALIFORNIA RURAL LEGAL ASSISTANTCE, INC.

2

3                                By:    /s/ Julia L. Montgomery (as authorized on 04/06/11)
                                         Julia L. Montgomery
4                                        Attorneys for all Plaintiff
                                         2210 K Street, Suite 201
5                                        Sacramento, CA 95816
                                         (916) 446-7904 / Fax: (916) 446-3057
6                                        State Bar No. 184083

7
                                  **ORDER**
8

9    Upon a review of the above stipulation of the parties, the Court adopts the order.

10

11  IT IS SO ORDERED.

12
     Dated:   **April 8, 2011**                     **/s/ Gary S. Austin**
13                                                  UNITED STATES MAGISTRATE JUDGE

---

7

*Martinez/Torres v Silveira, et al.*
Case No.: 1:10-CV-00234-OWW-GSA          STIPULTATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER