**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTONIO MARTÍNEZ, and FELIPE NUÑEZ TORRES,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>JOSE GILBERTO SILVEIRA, an individual; and DOES ONE through TWENTY inclusive<br><br>　　　　Defendants. | CASE NO. 1:10-CV-0234-GSA<br><br>**ORDER RE: APPROVAL OF SETTLEMENT**<br><br>(Doc. 60) |

　　　　On December 8, 2009, Plaintiffs, Antonio Martinez and Felipe Nunez Torres, filed a First Amended Complaint ("FAC") in the Merced County Superior Court of California naming Jose Gilberto Silveira as a Defendant. The FAC alleges eleven causes of action : (1) failure to pay minimum wage, 2) failure to provide tools and equipment, 3) liquidated damages for failure to pay minimum wage, 4) a violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") 5) failure to pay overtime, 6) failure to provide rest breaks, 7) failure to provide meal periods, 8) failure to maintain time records, provide itemized statements, 9) failure to pay all wages due upon discharge, 10) restitution and injunctive relief, and 11) violations of Labor Code Private Attorney General Act. Defendant removed the action to this Court on February 10, 2010. (Doc. 1).

　　　　On September 10, 2010, this Court adopted the parties' stipulation and granted conditional certification of the matter as an FLSA collective action. Potential class members were notified and their right to opt-in was explained. (Doc. 37). Four additional Plaintiffs opted into the FLSA claim pursuant to the notification. On October 6, 2011, the parties entered into an agreement settling the claims of the two named Plaintiffs, as well as all of the opt-in Plaintiffs. (Doc. 60).

The parties seek approval of this settlement agreement and request that this Court retain jurisdiction over the settlement. *Id*.

Courts entertaining a proposed settlement in a FLSA case must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. *See, e.g., Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir.1982); *Collins v. Sanderson Farms., Inc.,* 568 F.Supp.2d 714, 718-19 (E.D. La. 2008). Section 216(b) does not require a "fairness" hearing which is required for settlements of class actions brought pursuant to Rule 23 of the Federal Rules of Civil Procedure.  However, several courts have regularly applied the Rule 23 "fairness" factors when evaluating the fairness and reasonableness of a FLSA settlement. *See, e.g., Houston v. URS Corp.,* 2009 WL 2474055, * 6 (E.D.Va. Aug. 7, 2009) (slip op.) (citing cases); *Collins,* 568 F.Supp.2d at 722; *Dail v. George A. Arab, Inc.,* 391 F.Supp.2d 1142, 1145 (M.D.Fla.2005).  In the Ninth Circuit these factors may include : 1) the strength of the case; 2) the risk, expense, complexity, and likely duration of further litigation; 3) the risk of maintaining class action status throughout the trial; (4) the extent of discovery completed; 5) the settlement amount; 6) the experience and views of counsel; and 7) the Plaintiffs' reactions of the class to the proposed settlement. *See, Molski v. Gleich*, 318 F. 3d 937, 954 (9th Cir. 2003)(overruled in part on other grounds).

In the present case, the Court finds that there is a bona fide dispute between the parties concerning whether Plaintiffs were deprived of wages that they were due.  After reviewing the agreement, the Court finds that the proposed settlement is fair, adequate, and reasonable.  More specifically, the record reflects that this case is not very complex as there are a small number of Plaintiffs in the class.  Moreover, a reasonable amount of discovery was conducted by Plaintiffs' counsel to ascertain each Plaintiff's potential recovery.  Furthermore, although the litigation is reasonably well advanced, a settlement will reduce the complexity, expense, and duration of the proceedings.  Similarly, the amount and terms of the settlement appear fair as the agreement was reached through mediation with a neutral mediator and each Plaintiff will receive a payment on his claims. Finally, all Plaintiffs appear to accept the terms of the agreement as they have all signed the settlement documents.

In an FLSA action, the Court shall award reasonable attorneys' fees. 20 U.S.C. § 216(b). In similar types of cases, the Ninth Circuit has established that the benchmark for attorneys' fees is twenty-five percent (25%) of the total settlement amount. The benchmark percentage should be adjusted or replaced by the lodestar calculation when special circumstances indicate that the percentage recovery would either be to small or too large in light of the hours devoted to the case or other relevant factors. *See, Vizcaino v. Microsoft Corp.*, 290 F. 3d 1043, 1047-1050 (9th Cir. 2002); *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1029 (9th Cir. 1998). Here, the total settlement amount is one hundred and twenty thousand dollars ($120,000.00) and the request for attorneys' fees is twenty-four thousand dollars ($24,000.00) which is nineteen percent (19%) of the total settlement amount. This is below the 25% benchmark figure. The Court has been meeting regularly with the attorneys and is familiar with the amount of work involved to resolve this case. As such, the Court finds the attorneys' fee request reasonable.

Based on the above, the Court will adopt the settlement in this matter. The Court notes that the FAC contains state law claims along with the FLSA claims and the opt-in notice indicates that all of the claims in the FAC will be addressed in this litigation. (Doc. 37 at pg. 9). Here, as mentioned above, there are only six Plaintiffs and the amount in question does not meet the requirements of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Therefore, the Court will exercise its supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. In doing so, the Court notes that the state law claims in the FAC relate only to the named Plaintiffs and opt-in Plaintiffs as individuals. Thus, the settlement is not binding on any other potential plaintiffs who may have an interest in this action.

Finally, the Court finds that paragraph VII, entitled "disparaging remarks" on page eleven (11) of the agreement is vague and the Court will not adopt this provision. Similarly, the Court will not adopt paragraph VI on page ten (10) entitled "confidentiality." This paragraph requires that all parties agree that the terms of the settlement are confidential. However, this is not enforceable since the settlement agreement has been filed and is now a matter of public record.

///

Accordingly, IT IS HEREBY ORDERED that:

1. The settlement reached in this matter is fair, adequate, and reasonable, and is adopted except that paragraph VII entitled "disparaging remarks" and paragraph VI entitled "confidentiality" which will not be adopted by the Court for the reasons stated above. If the parties wish to continue to enforce those provisions, they may do so, but the Court will not adjudicate any alleged violations of these provisions (Doc. 60);

2. Defendant Jose Gilberto Silveira shall pay attorneys' fees in amount of $24,000.00 to California Rural Legal Assistance, Inc., pursuant to the settlement agreement;

3. Defendant Jose Gilberto Silveira shall make payments to the named Plaintiffs and all opt-in Plaintiffs pursuant to the procedures and formulas set forth in the settlement agreement;

4. This Court shall retain jurisdiction over this matter for the purpose of enforcing compliance with the settlement agreement;

5. The Court will exercise its supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.[1] The state law claims relate to the named Plaintiffs and opt-in Plaintiffs as individuals only and are not binding on any other potential plaintiffs who may have an interest in this action; and

6. Upon Defendant Jose Gilberto Silveira's satisfaction of his obligations under the settlement agreement and the payment of all sums pursuant thereto, Plaintiffs' counsel shall execute a final dismissal with prejudice against the Defendant. The dismissal documents shall be filed **no later than August 14, 2012.**

IT IS SO ORDERED.

Dated:   **December 13, 2011**            /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The state law claims are alleged in the first, second, third, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh causes of action of the FAC. (Doc. 1).